**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA** RECEIVED
~~SOUTHERN~~ DIVISION
Northern

2019 SEP -6 P 1: 49

| | | |
|---|---|---|
| **KENNADIE GRACE WILCOX,** | ) | |
| | ) | **CIVIL ACTION NO.** DEBRA P. HACKETT, CLK |
| **Plaintiff,** | ) | U.S. DISTRICT COURT |
| | ) | MIDDLE DISTRICT ALA |
| **vs.** | ) | 2:19-cv-650 |
| | ) | |
| **ANDALUSIA CITY SCHOOLS** | ) | **JURY DEMAND** |
| **BOARD OF EDUCATION,** | ) | **ENDORSED HEREON** |
| **DANIEL SHAKESPEARE,** | ) | |
| **AND TED WATSON** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

**COMES NOW,** the Plaintiff, Kennadie Grace Wilcox (hereinafter "Plaintiff" or, when referred to in supporting facts during the time she was a minor, "Minor Child") who, by and through her undersigned counsel, hereby sues Defendant Andalusia City Schools Board of Education, Defendant Daniel Shakespeare ("Shakespeare" or "Principal"), and Defendant Ted Watson ("Watson" or "Superintendent") and would further allege as follows:

### JURISDICTION AND VENUE

1.     This court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, respectively.

2.     Plaintiff brings this action to redress a hostile educational environment pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), as

1

more fully set forth herein.

3.      This is also an action to redress deprivation under the Plaintiffs' constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983.

4.      This is also an action for state law claims against the individual defendants in their individual capacities for wanton hiring, training, supervision, investigations, failure to implement proper policies and procedures and monitoring, outrage/intentional infliction of emotional distress and assault and battery. The Court has jurisdiction over these supplemental claims pursuant to 28 U.S.C. §1367.

5.      Venue is proper in this district as Andalusia High School is located in Covington County, Defendant Andalusia City Schools Board of Education is located in Covington County, upon information and belief Defendants Daniel Shakespeare and Ted Watson reside in Covington County, and all events occurred in Covington County, Alabama, in the Middle District of Alabama, Southern Division.

**THE PARTIES**

6.      Kennadie Grace Wilcox is a female and, at all times material to the instant Complaint, Plaintiff was resident of Covington County, Alabama.

7.      At the time complained of herein, Plaintiff was a student and minor attending Andalusia High School.

8.      Defendant Andalusia City Schools Board of Education governs three

public educational institutions, including Andalusia High School, located in the City of Andalusia, County of Covington, State of Alabama and, as such, has access to, and receives, federal funding.

9.      At all times material to the instant Complaint, Plaintiff's abusers were a teacher/coach and a principal working under the ambit of Defendant Andalusia City Schools Board of Education.

10.      Defendant Daniel Shakespeare, at all relevant times, was the Principal of Andalusia High School. Shakespeare is being sued in his individual capacity as the Principal of Andalusia High School.

11.      Defendant Ted Watson, at all relevant times, was Superintendent of Andalusia City Schools Board of Education. Watson is being sued in his individual capacity as Superintendent of Andalusia City Schools Board of Education.

## APPLICABLE LAW AND POLICY

12.      Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a) states that, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied, the benefit of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance..."

13.      Title IX is implemented through the Code of Federal Regulations. *See* 34 C.F.R. Part 106.

14.     34. C.F.R. § 106.8(b) further provides: "...A recipient shall adopt and publish grievance of student and employee complaints alleging any action which would be prohibited by this part".

15.     In *Gebser v. Lago Vista Independent School District,* 524 U.S. 274 (1998), the United States Supreme Court recognized that a recipient of federal educational funds intentionally violates Title IX, and is subject to a private damages action, where the recipient is "deliberately indifferent" to known acts of teacher - student discrimination.

16.     The Fourteenth Amendment to the United States Constitution provides, in pertinent part, that no State shall "deny to any person within its jurisdiction the equal protection of the laws". See U.S. Const, amend. XIV, § 1.

17.     Defendants Shakespeare and Watson acted willfully, maliciously, fraudulently, in bad faith, beyond their authority, or under mistaken interpretations of the law.

## GENERAL ALLEGATIONS

18.     At all times material to the instant Complaint, Defendant Andalusia City Schools Board of Education was receiving federal funding, as contemplated by Title IX, 20 U.S.C. § 1681, *et seq.*

19.     Defendant Andalusia City Schools Board of Education implemented

and executed policies and customs in regard to the events that resulted in the deprivation of the Plaintiff's constitutional, statutory, and common law rights.

20.     Defendant Andalusia City Schools Board of Education is responsible for the acts and omissions of its employees pursuant to the doctrine of *respondeat superior*.

21.     Defendant Andalusia City Schools Board of Education has not provided sufficient training and education programs on what constitutes sexual misconduct. In addition, Defendant Andalusia City Schools Board of Education has not provided sufficient information and education on their sexual misconduct policies, particularly regarding sexual misconduct and harassment by teachers, coaches, and staff members, and disciplinary procedures and consequences of violating these policies. The lack of preventive education programs has led to a hostile environment at Andalusia High School.

22.     At the time of the misconduct and sexual abuse that give rise to the events complained of herein, Minor Child was seventeen (17) years of age through eighteen (18) years of age and attended Andalusia High School.

23.     Upon information and belief, Coach Anthony Clark ("Clark" or "Coach")was hired to work at Andalusia High School even after school officials were notified that Clark had engaged in inappropriate relationships with students and/or teaching assistants in the past.

5

24.     At the time of the misconduct and sexual abuse at issue herein, Anthony Clark was a teacher and coach at Andalusia High School.

25.     Upon information and belief, Clark is now 50 years old.

26.     At the time of the misconduct and sexual abuse at issue herein, Daniel Shakespeare was  principal at Andalusia High School.

27.     During and throughout the school years consisting of 2017 through 2018, Coach repeatedly engaged in inappropriate conduct with Minor Child by means of communications, comments, touching, fondling and intercourse, as well as taking Minor Child to places with neither her custodial parent's knowledge, nor her consent.

28.     During and throughout the school years consisting of 2017 through 2018, Principal repeatedly engaged in inappropriate conduct with Minor Child by means of communications, comments, and touching, as well as acknowledging the inappropriate conduct of Coach and failing to appropriately address such inappropriate conduct.

29.     Coach and Principal further spent the school years of 2017 and 2018 using their positions as teacher and principal to create a sexually charged inappropriate environment with Minor Child.  The wrongful actions of Coach and Principal included, but were not limited to, sexual overtures and allowing Minor Child to skip class, not turn in classwork, work as a teacher's aide to Coach, and not

reporting Minor Child's poor attendance record or misbehavior at school to her custodial parent. In furtherance of the opportunities for abuse, both Coach and Principal deliberately and purposefully created situations to be alone with Minor Child and Coach did exploit the circumstance to sexually assault Minor Child.

30.    One afternoon after basketball practice, Coach, a then-married man with a daughter the same age as Minor Child,  approached Minor Child asking for help doing the basketball team's laundry.  Once in the locker room, Coach engaged in sexual activity with Minor Child and as he was doing so, he made the comments "I should wait until you graduate because I could get in trouble" and, following the sexual encounter he told Minor Child, "Don't tell anyone."  Later that weekend, Coach saw Minor Child and asked her if she went to church, if she felt guilty and did she think God hated them, but he continued to engage in sexual relations with Minor Child.

31.    Coach continued the sexual manipulation of Minor Child and asked her if she was jealous that he was going to go sleep with someone else.  Coach also requested that Minor Child not to be sexual with anyone else.

32.    Coach further acknowledged the inappropriate sexual behavior by telling Minor Child, "you can't handle this. This will affect you."

33.    Coach repeatedly texted and emailed "code" to have Minor Child meet him for sexual encounters, including on school campus. During the course of his

inappropriate relationship with Minor Child, Coach changed his e-mail address four times.

34.     In the Spring, 2018, Coach's wife and family went out of town and Coach took Minor Child to his house and proceeded to have sexual relations with her there.

35.     Coach continued the manipulative, inappropriate relationship with Minor Child by intentionally going the "long way" when he was walking home. He would specifically come through the girl's gym to see Minor Child.

36.     Coach Clark asked Minor Child to bring condoms to their encounters. As a result of his request, Minor Child kept condoms in her backpack so that when he sent her the code, she would be ready.

37.     Later in the Spring, 2018, Minor Child did not have the money for condoms so Coach gave her money to buy them and he kept them in his desk.

38.     Minor Child quit the band so that she could become Coach's aide. Coach had his planning period during the time in which Minor Child was his aide. Andalusia High School failed to follow appropriate procedures to reassign Minor Child from band to aide and, as a consequence, if anyone needed to find Minor Child, he or she would look for her in band. The inappropriate sexual encounters between Coach and Minor Child continued during this school period. On at least one occasion, another teacher, Ms. Anderson, came into Coach's office shortly after

8

Coach had been sexually involved with Minor Child. Coach was only wearing an undershirt and shorts and Minor Child was hiding in the bathroom.

39.     Another time during an inappropriate sexual encounter, Coach and Minor Child were in his classroom. Another student obtained a key to the classroom and opened the door to retrieve his backpack. Coach came out of the closet into the dark room. Coach had Minor Child hide in the closet.

40.     Despite school faculty and staff being aware of Minor Child's sexual relationship with Coach Clark, no one reported it. Principal knew about her relationship with Coach Clark and he failed to investigate or take appropriate action, and, rather, sexually propositioned her instead.

41.     Principal repeatedly made inappropriate sexual comments to Minor Child while at school. For example, when Minor Child was sent to Principal's office for discipline, Principal routinely made sexual comments to her, rubbed her shoulders, and caressed her skin. Principal did these things in exchange for not imposing discipline on Minor Child.

42.     One time when he was making inappropriate sexual comments to Minor Child, Principal asked Minor Child if she would like to be put over his lap and spanked.

43.     Further into the Spring of 2018, Principal began seeking Minor Child out even more. He would intentionally stop at her locker. He would constantly stare

at her in a sexually inappropriate way. Principal even commented on the shirt she was wearing on one occasion.  Minor Child was standing by her locker in a white shirt.  The shirt did not violate the school dress code and was not overly suggestive. However, Principal told her that she did not need to wear that shirt again because it was too distracting for him.

44.     Principal acknowledged several times the sexual relationship between Minor Child and Coach, making such comments to her such as "why do you want a white man when you could have me?" He told Minor Child that several staff members had told him about her "fucking Coach Clark", including the resource officer, Jackie Woods.

45.     After Principal learned of the sexual relationship between Minor Child and Coach Clark, his behavior with her became more aggressive.  Principal would call Minor Child out of class to flirt with her and tell her he wanted the "fat" girl back (Minor Child had lost a lot of weight).  Principal asked to see bikini photos of Minor Child on her phone.

46.     Principal asked Minor Child one time if she was "high" or if she had smoked "pot" and told her to save some for him.  On one occasion at school, Principal asked Minor Child if he smelled like beer and told her he had been drinking. On another occasion, Principal threw his checkbook towards her and asked her how much she would cost and if they could be together after she graduated.

47.    Principal also offered to pay for Minor Child's senior trip when her mother would not pay for the trip. Principal even took Minor Child to his office and asked if he could have sex with her on his desk.

48.    When Minor Child was in the gym shooting basketball one time, Principal asked if she would go to the library and show him her breasts. Minor Child did not agree to do so.

49.    Principal would call Minor Child to see if she needed a ride home. On at least one occasion, Minor Child found his business card in the front door of her home. He later commented on which bedroom was hers in her family home. There was no reason for him to be at her house. Principal knew that Minor Child's mother was out of town when he left his business card in the front door of her home. Principal told her that he had seen the Alabama A on the keychain in the door of her house when she had inadvertently left her keys in the door lock. He told Minor Child that he wanted to come on in but he thought she might be fucking another guy. This stalking behavior really scared Minor Child.

50.    Minor Child tried to avoid Principal as much as possible. She would take the long way to class so she would not run into him. She would skip assemblies so that she did not have to see him stare at her. His actions scared her and created a sexually charged and inappropriate environment. Minor Child felt very uncomfortable around Principal.

51.     The inappropriate behavior of both Coach and Principal continued and went unreported by school faculty and staff, who were aware of the inappropriate conduct.

52.     During the time Minor Child was harassed by both Coach and Principal, Minor Child's grades dropped significantly. Principal failed to properly notify Minor Child's mother of Plaintiff's dropping grades and never told Minor Child's mother that Minor Child was caught smoking marijuana at the school. In addition, Principal failed to properly notify Minor Child's mother that Minor Child had arrived late to school approximately 13 times and had skipped approximately 16 days of school in Minor Child's last semester at Andalusia High School.

53.     On or about April 13, 2018, Minor Child, who was struggling emotionally regarding her relationship with Coach and the sexual harassment of Principal, overdosed on drugs and was hospitalized. Minor Child had several suicide notes with her, one of which was to Coach.

54.     Several days after Minor Child's overdose, Minor Child's mother discovered Minor Child's improper sexual relationship with Coach.

55.     When Minor Child's mother first discovered the sexual relationship between Coach and Minor Child, she went directly to the Andalusia Police Department, who immediately led an investigation into Minor Child's relationship with Coach.

56.     As part of their investigation, and on the Monday following minor
child's overdose, the Andalusia Police Department obtained search warrants for both
Minor Child's home and Andalusia High School. Thus, the school was notified
almost immediately of the police investigation into the relationship between Minor
Child and Coach.

57.     On the Tuesday after Minor Child's overdose, Minor Child's mother,
Kimberly Wilcox, went to the school to obtain Minor Child's homework. When
Kimberly Wilcox met with Principal, he acknowledged the relationship between
Coach and Minor Child. Principal was sweating and looked very nervous.

58.     The police interviewed Minor Child, Coach and Principal regarding
Minor Child's relationship with Coach. Coach told the police that he and Minor
Child were emotionally connected but he denied any sexual relationship. In an effort
to protect Coach, Minor Child also initially denied any sexual relationship with
Coach but she eventually admitted that she and Coach had been sexually involved.

59.     Minor Child had confided in Coach and Coach knew about Principal's
inappropriate conduct with her. Coach told the police about Principal being
inappropriate with Minor Child when Coach was questioned about his relationship
with Minor Child and told the police that they needed to be investigating Principal.
The police asked Minor Child's mother if there was anyone at the school that she
had asked to "check on" Minor Child while she was traveling for work. Minor

13

Child's mother told them, "No." Minor Child's mother understood that Principal had told the police that she had asked him to check on Minor Child, which was never the case. She only ever asked Minor Child's sister or her cousin to check on Minor Child while she was out of town for work and never would have asked Principal to check on her.

60.     Upon information and belief, following Minor Child's overdose and the police's investigation into Minor Child's relationship with Coach, Ted Watson, superintendent for Andalusia City Schools ("Superintendent"), provided a place for Coach to hide when the police were trying to locate Coach.

61.     When Minor Child returned to school on or about April 24, 2018, and the police were still questioning people about Minor Child's relationship with Coach, Principal called Minor Child into his office and told her: "We need to get our story straight because I never touched you and I was just trying to be a father figure because you sure as hell did not have a mother figure." Principal was very nervous and sweating. Before Minor Child left his office, he said to her, "I am sure you want to get a message to Coach Clark" and then told her how to contact Coach.

62.     No investigation was ever undertaken by Defendants into the allegations and evidence against Coach and the abuse of Minor Child.

63.     Multiple teachers and staff members took notice of the inappropriate interactions between Coach and Minor Child and/or Principal and Minor Child and

failed to report these interactions and do anything to stop these interactions.

64.     As a result of the oppressive and hostile environment created by the Defendants' failure to properly investigate and handle the subject incidents, Plaintiff had to finish her senior year of education from home, missed one-time senior events, and suffered severe emotional distress. Plaintiff also was ostracized by many of her classmates.

65.     After learning of the inappropriate behavior of Coach, Defendant Andalusia City Schools Board of Education, by and through its agents, including but not limited to, Principal, Superintendent, and other Andalusia High School Staff Members, was deliberately indifferent to the abuse, failed to properly investigate the abuse, failed to promptly and properly report the abuse, and failed to take proper remedial action. In further exacerbation of the scenario, Superintendent even went so far as to hide Coach from the authorities.

66.     The sanctions placed on Coach were inadequate and lenient, given Coach's assault and harassment of Minor Child. Rather that suffer suspension or termination, Coach merely was given notice that his contract was not renewed.

67.     After learning of the inappropriate behavior of Principal, Defendant Andalusia City Schools Board of Education, by and through its agents, including but not limited to Superintendent, was deliberately indifferent to Principal's misconduct. Defendant Andalusia City Schools Board of Education failed to promptly and

15

properly investigate the misconduct, failed to promptly and properly report the misconduct, and failed to take proper remedial action.

68.     Although Defendants Andalusia City Schools Board of Education, Shakespeare, and Watson were aware that Minor Child had severe emotional distress as evidenced by her overdose, Defendants took no actions to provide counseling services for Minor Child. Minor Child had to pay out of pocket to get the counseling services she needed.

69.     On May 21, 2018, Attorney Wesley Laird, as counsel for Kimberly Wilcox in her capacity as parent and legal guardian of Plaintiff, notified Defendant Ted Watson in a letter, in pertinent part:

> I am investigating potential liability claims against Andalusia City Schools for the hiring, supervision, and retention of Coach Anthony Clark, your men's basketball coach. Additionally, I am investigating whether Andalusia High School is fostering a hostile environment for young ladies.
>
> It is our understanding that Coach Clark has had an inappropriate sexual relationship with a student for several months. This type relationship is a felony under Alabama law, which prohibits a school teacher from having sex with a student, regardless of age. This law was recently upheld by the Alabama Court of Criminal Appeals.
>
> The actions of Anthony Clark and the school have led to numerous emotional issues, as well as a rapid decline in Kennadie's grades and behavior.
>
> My client is deeply disturbed that no formal charges have been brought against Coach Clark, and that, according to our information, Coach Clark is still employed by Andalusia City Schools and has not formally been placed on leave.

70.     In November 2018, Kimberly Wilcox, in her capacity as parent and legal guardian of Minor Child, through her attorneys, notified Dr. David McCalman, President of the Andalusia City School Board, of potential claims against the Andalusia City Schools Board of Education "based on the actions and inactions of Coach/Teacher Anthony Clark, Principal Daniel Shakespeare, and others in the school system" The letter gave notice of potential Title IX and Section 1983 claims based on the sexual misconduct towards Minor Child of both Coach and Principal.

71.     On May 3, 2019, through her attorney, Plaintiff sent via certified mail to David Bryant, President of the Andalusia City Schools Board, an official harassment report form regarding the inappropriate conduct of Principal Daniel Shakespeare.

72.     On May 8, 2019, attorney William B. Alverson, Jr. acknowledged receipt of the May 3, 2019 harassment report form of Plaintiff and further noted, "Mr. Ted Watson has the paperwork and is in the process of doing the appropriate procedures."

73.     Upon information and belief, the investigation was completed in June 2019. Following the investigation, Daniel Shakespeare still serves as Principal of Andalusia High School.

74.     Defendant Andalusia City Schools Board of Education failed to conduct a proper investigation into Plaintiff's sexual harassment by both Coach and

Principal and failed to engage in proper remedial action.

75.   As a direct and/or proximate result of the collective acts and/or omissions of the Defendants and agents, Minor Child has sustained damages. Said injuries are continuing and will not abate in the future. Defendants' mishandling of Minor Child's case has negatively affected Minor Child's mental health. Defendants' indifference to Minor Child's suffering is not compliant with federal law and created a hostile environment for Minor Child that tangibly affected her mental health. Minor Child has experienced severe emotional distress due to such indifference and has struggled with insomnia and loss of appetite, among other things.

## LEGAL CLAIMS

## COUNT I VIOLATION OF TITLE IX AS TO DEFENDANT ANDALUSIA CITY SCHOOLS BOARD OF EDUCATION (20 U.S.C. § 1681, et seq.)

76.   Plaintiff reasserts all allegations contained in paragraphs one through seventy-five as if fully set forth herein.

77.   The sex-based harassment articulated in the Plaintiff's General Allegations was so severe, pervasive, and objectively offensive that it deprived Minor Child of access to educational opportunities or benefits provided by the school.

78.   Defendant Andalusia City Schools Board of Education created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of

18

the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX"), because a) Plaintiff was a member of a protected class; b) she was subjected to sexual harassment in the form of sexual assaults by Coach and sexual propositions from Principal; c) she was subjected to harassment based on her sex; and d) she was subjected to a hostile educational environment created by the Andalusia City Schools Board of Education's lack of policies and procedures and failure to properly investigate and/or address the sexual assault and subsequent harassment.

79.     Defendant Andalusia City Schools Board of Education and its agents had actual knowledge of the sexual inappropriate behavior of Coach and Principal and the resulting harassment of Plaintiff created by its failure to investigate and discipline Plaintiff's harassers in a timely manner and consistent with its own policies and federal and state law.

80.     Defendant Andalusia City Schools Board of Education and its agents failure to promptly and appropriately respond to the sexual harassment, resulted in Plaintiff, on the basis of her sex, being excluded from participation in, being denied the benefits of, and being subjected to discrimination in the Andalusia High School education program in violation of Title IX.

81.     Defendant Andalusia City Schools Board of Education and its agents failed to take immediate, effective remedial steps to resolve the complaints of sexual harassment and instead acted with deliberate indifference toward Plaintiff.

82.     Defendant Andalusia City Schools Board of Education and its agents persisted in its actions and inaction even after it had actual knowledge of the harm suffered by Plaintiff.

83.     Defendant Andalusia City Schools Board of Education and its agents engaged in a pattern and practice of behavior designed to discourage and dissuade students and parents of students who had been sexually harassed from seeking prosecution and protection and from seeking to have sexual harassment and sexually inappropriate conduct from being fully investigated.

84.     This policy and/or practice constituted disparate treatment of females and had a disparate impact on female students.

85.     Plaintiff has suffered emotional distress and psychological damage, and her character and standing in her community have suffered from the harassment fostered as a direct and proximate result of Defendant Andalusia City Schools Board of Education's deliberate indifference to her rights under Title IX.

86.     The acts of Defendant Andalusia City Schools Board of Education described above violated Plaintiffs' rights under Title IX of the 1972 Education Amendments, 20 U.S.C.A § 1681.

## COUNT II VIOLATION OF TITLE IX AS TO DEFENDANT ANDALUSIA CITY SCHOOLS BOARD OF EDUCATION (20 U.S.C. § 1681, et seq.) (Retaliation by Withholding Protections Otherwise Conferred by Title IX)

87.     Plaintiff reasserts all allegations contained in paragraphs one through

eighty-six as if fully set forth herein.

88.     When Plaintiff and her mother involved law enforcement for a criminal investigation as to Coach's sexual relationship with Plaintiff, Principal, Superintendent, and other School District officials retaliated against Plaintiff by declining to investigate the matter or to otherwise comply with their responsibilities as mandated by Title IX.

### COUNT III 1983 VIOLATION AS TO DEFENDANTS WATSON AND SHAKESPEARE
### (42 U.S.C. § 1983)

89.     Plaintiff reasserts all allegations contained in paragraphs one through eighty-eight as if fully set forth herein.

90.     Under the Fourteenth Amendment, Plaintiff had the right as a public school student to personal security and bodily integrity and Equal Protection of Laws.

91.     Defendants Shakespeare and Watson were both state actors acting under the color of state law.

92.     Defendant Shakespeare subjected Plaintiff to violations of her right to personal security and bodily integrity and Equal Protection of Law by sexually harassing her, both verbally and physically.

93.     Defendants Shakespeare and Watson subjected Plaintiff to violations of her right to personal security and bodily integrity and Equal Protection of Laws by

failing to properly investigate Clark's misconduct; failing to appropriately discipline Clark; failing to adequately train and supervise Clark; and manifesting deliberate indifference to the sexual assault and ongoing harassment of Plaintiff by Clark.

94.    Defendant Watson subjected Plaintiff to violations of her right to personal security and bodily integrity and Equal Protection of Laws by failing to properly investigate Shakespeare's misconduct; failing to appropriately report Shakespeare's inappropriate behavior; and manifesting deliberate indifference to the sexual assault and ongoing harassment of Plaintiff by Shakespeare.

95.    Defendant Watson also subjected Plaintiff to violations of her right to personal security and bodily integrity and Equal Protection of Laws by failing to appropriately discipline Shakespeare and failing to adequately train and supervise Shakespeare.

96.    The Andalusia City Schools Board of Education has and/or had unconstitutional customs or policies of a) failing to investigate evidence of criminal, sexual, and tortious misconduct against students in the nature of violations of their right to personal security and bodily integrity and b) failing to adequately train and supervise School employees with regard to maintaining, preserving and protecting students from violations of their right to personal security, bodily integrity, and Equal Protection of the Laws.

97.    On information and belief, the Andalusia City Schools Board of

Education has followed these unconstitutional customs and policies not only with regard to Minor Child but also with regard to criminal and tortious misconduct committed against other Andalusia School District students.

98.    The Andalusia City Schools Board of Education's policies and/or practices constituted disparate treatment of females and had a disparate impact on female students.

99.    Defendants Watson and Shakespeare are or were at the time of events complained of within, policymakers for the purpose of implementing the Andalusia City Schools Board of Education's unconstitutional policies or customs.

100.   Plaintiff has suffered and continues to suffer emotional distress and psychological damage, and her character and standing in her community have suffered from the harassment fostered as a direct and proximate result of the individual Defendants' deliberate indifference to her rights under the Fourteenth Amendment.

## COUNT IV MONELL LIABILITY FOR FAILURE TO TRAIN AND SUPERVISE  SCHOOL EMPLOYEES AND STUDENTS AS TO RESPONSE TO SEXUAL MISCONDUCT AND ASSAULT AGAINST DEFENDANTS SHAKESPEARE & WATSON  (42 U.S.C. § 1983)

101.   Plaintiff reasserts all allegations contained in paragraphs one through one hundred as if fully set forth herein.

102.   Defendants Shakespeare, and Watson were "state actors" working for Andalusia City Schools Board of Education, a federally funded school system.

103.   Defendants Shakespeare, and Watson acted under "color of law" when refusing to respond to the sexual harassment of Plaintiff on school premises.

104.   Defendants Shakespeare, and Watson failed to preserve Plaintiff's constitutional right to equal protection as guaranteed by the Fourteenth Amendment.

105.   Under the Equal Protection Clause of the Fourteenth Amendment, Plaintiff had the right to equal access to an educational environment free from harassment and discrimination.

106.   Defendants Shakespeare, and Watson should have known that their response to sexual harassment and sexual assault must comply with federal law, particularly as outlined in Title IX's published and widely promulgated implementing regulations.

107.   Defendants Shakespeare and Watson each violated Plaintiff's right to equal access by:

> a.   Failing to take immediate and appropriate action to investigate or otherwise determine what occurred once informed of inappropriate conduct by Coach and/or Principal;
>
> b.   Failing to take prompt and effective steps to end the inappropriate sexual conduct, prevent its recurrence, and address its effects, whether or not the sexual conduct is the subject of a criminal investigation;

c.  Failing to take steps to protect the Plaintiff as necessary, including interim steps taken prior to the final outcome of the investigation;

d.  Failing to provide a grievance procedure for students to file complaints of sexual discrimination and harassment against teachers and staff. The procedures must include an equal opportunity for both the accuser and the accused to present witnesses and other evidence and the same appeal rights;

e.  Failing to properly notify the parties of the outcome of any investigation into the sexual harassment of Plaintiff.

108.  Defendants Watson and Shakespeare violated Plaintiff's Fourteenth Amendment right to equal protection by failing to properly train and supervise their employees as to these mandated investigative requirements.

109.  Defendants Watson and Shakespeare violated Plaintiff's Fourteenth Amendment right to equal protection by failing to promptly and adequately respond to the sexual harassment of Plaintiff.

110.  Defendants Watson's and Shakespeare's policies and/or practices constituted disparate treatment of females and had a disparate impact on female students.

111.  Defendants Watson's and Shakespeare's actions and lack of actions were the proximate cause of Plaintiff's emotional distress and psychological

damage, and her character and standing in her community have suffered from the harassment fostered as a result of Defendants' deliberate indifference to her right to equal protection under the Fourteenth Amendment.

## COUNT V WANTON HIRING, TRAINING, SUPERVISION, INVESTIGATIONS, FAILURE TO IMPLEMENT PROPER POLICIES AND PROCEDURES AND MONITORING

112. Plaintiff reasserts all allegations contained in paragraphs one through one hundred and eleven as if fully set forth herein.

113. Defendant Shakespeare and Defendant Watson had a duty to Plaintiff to properly hire, train, supervise, investigate, implement proper policies and procedures, and monitor their employees.

114. Shakespeare and Watson acted willfully, maliciously, fraudulently, in bad faith, beyond their authority, or under mistaken interpretations of the law in their wanton actions described herein.

115. As a proximate cause of Defendant Shakespeare's and Defendant Watson's wrongful actions, Plaintiff has been and continues to be damaged.

## COUNT VI OUTRAGE/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

116. Plaintiff reasserts all allegations contained in paragraphs one through one hundred and fifteen as if fully set forth herein.

117.   The individual Defendants' conduct towards Plaintiff was intentional or reckless; was extreme and outrageous; and caused emotional distress so severe that no reasonable person could be expected to endure it.

118.   As a proximate result of the individual defendants' outrageous conduct, Plaintiff has been and continues to be damaged.

### COUNT VII ASSAULT AND BATTERY AGAINST DEFENDANT SHAKESPEARE

119.   Plaintiff reasserts all allegations contained in paragraphs one through one hundred and eighteen as if fully set forth herein.

120.   Defendant Shakespeare touched the plaintiff.

121.   Defendant Shakespeare intended to touch the plaintiff.

122.   Defendants Shakespeare's touchings of plaintiff were conducted in a harmful or offensive manner.

123.   As a proximate result of Defendant's wrongful touchings, Plaintiff has been damaged.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant Andalusia City Schools Board of Education, Defendant Watson and Defendant Shakespeare as follows:

        a.      Compensatory damages for Plaintiff's psychological and emotional distress and damages, loss of standing in her

community, damage to her reputation, and her family's unreimbursed out of pocket expenses incurred in response to these circumstances;

b.   Punitive damages;

c.   Injunctive relief requiring Defendant Andalusia City Schools Board of Education to take effective steps to prevent sex-based discrimination and harassment, including sexual assault, in its education programs; fully investigate conduct that may constitute sex-based harassment and /or sexual assault; appropriately respond to all conduct that may constitute sex-based harassment and /or sexual assault; and mitigate the effects of harassment and/or assault including by eliminating any hostile environment that may arise from or contribute to it.

d.   Statutory interest;

e.   Costs;

f.   Reasonable attorney fees;

g.   Plaintiffs further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Now Comes the Plaintiff by and through her attorneys and demands a trial by jury.

Respectfully Submitted,

Brandy M. Lee
(ASB-8735-E67B)
Lee Law Firm, LLC
403 Ninth Avenue
Jasper, Alabama 35501

2100 First Avenue North, Suite 600
Birmingham, AL 35203
Tel: (205) 328-9445 Ext 405
Fax: (800) 856-9028
E-mail: brandy@leelawfirmllc.com

Susan N. Han
(ASB-5096-A55N)
Nettles Han Law, LLC
2100 First Avenue North, Suite 600
Birmingham, AL 35203
Tel: (205) 383-2296
Fax: (800) 856-9028
E-mail: susan@nettleshanlaw.com

Joshua Stemle
(ASB-1552-O77S)
Stokes Stemle
445 Dexter Avenue
Suite 4050
Montgomery, Alabama 36104
Tel: (334) 316-4123
E-mail: JStemle@StokesStemle.com

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL:**

Andalusia City Schools Board of Education
c/o Dr. David McCalman, President
1201 C.C. Baker Avenue
Andalusia, AL 36421

Daniel Shakespeare
11164 Pine Hill Rd
Andalusia, AL 36420

Ted Watson
18512 Enoch Rd
Andalusia, AL 36421